UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

W.D. Henton,                                 Case No. 1:16 CV 1165

         Petitioner,                      JUDGE JAMES G. CARR

      v.

                                         OPINION AND ORDER

Michele Miller, Warden,

         Respondent.

*Pro se* Petitioner W.D. Henton filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S C. § 2254.

Henton is currently incarcerated in the Belmont Correctional Institution, serving an eight-year sentence imposed by the Ashtabula County Court of Common Pleas for improper discharge of a firearm into a habitation with a firearm specification, and having a weapon under disability.

In his Petition, Henton does not challenge the lawfulness of his conviction or sentence. Instead, he challenges the Ohio Department of Rehabilitation and Correction's policies and procedures for providing medical care to inmates. He seeks "appropriate care to be that of treatment by medication to alleviate pain, with care of therapy life long as the condition has not improved in attempts to resolve treatment by the agreement of the State of Ohio with inmates it would take the necessary precautions to treat the inmate concerns adequately." (Doc. 1 at 15).

Where a prisoner is challenging the fact or duration of his physical imprisonment, his sole federal remedy is a habeas corpus petition under § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). But habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007).

Complaints like Henton's, which concern only the conditions of confinement, "do not relate to the legality of the Petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the Petitioner." *Id*. (quoting *Maddux v. Rose*, 483 F.Supp. 661, 672 (E.D. Tenn.1980)). A prisoner must bring these claims under 42 U.S.C. § 1983. *Preiser*, 411 U.S. at 500; *Austin v. Bell*, 927 F. Supp. 1058, 1066 (M.D. Tenn. 1996).

Because Henton challenges only the conditions of his confinement, his claims are not cognizable in a habeas proceeding. *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006). I will therefore dismiss his petition without prejudice. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

It is, therefore,

ORDERED THAT:

1. Henton's motion to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is, denied;

2. The petition for a writ of habeas corpus (Doc. 1) be, and the same hereby is, dismissed without prejudice; and

3. I certify in accordance with 28 U.S.C. § 1915(a)(3) that an appeal from this dismissal could not be taken in good faith and will not be allowed absent prepayment of the filing fee.

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge